IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHARLES F. V. CHITEKWE,

        Plaintiff,

v.                                            CIVIL ACTION NO. 3:24-0269

MOUNT VERNON BAPTIST CHURCH,
RON MCCLUNG
RICK DUDIS,
DAN MCCOWAN, and
MVBC DEACONS BOARD,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Joseph K. Reeder, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted Findings of Fact and recommended that Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment be granted, this matter be dismissed as to Defendants, the case be removed from the Court's docket, and the remaining motions be dismissed as moot. Acting *pro se*, Plaintiff Charles F. V. Chitekwe has filed objections to the Magistrate Judge's Proposed Findings and Recommendations (ECF No. 35) and a "Motion for Protective Order against Grover Morris et al" (ECF No. 34). The Court, having reviewed, de novo, the pleadings and Plaintiff's objections, **ADOPTS** the Magistrates Judge's Findings and Recommendations, **DENIES** Plaintiff's objections, and **DENIES** Plaintiff's remaining motions.

Although set forth in more detail in the Proposed Findings and Recommendations, at its core, this action arises from the Mount Vernon Baptist Church (MVBC) terminating Plaintiff's employment as an ordained minister. Plaintiff claims he was the only black employee of MVBC and was subjected to discrimination based upon his "race, color, social status, country of origin, beliefs, creed, marital status and medical history." *Pro Se Form for a Compl. for a Civil Case*, at 4, ECF No. 2. He also claims he was subjected to involuntary servitude and not paid his salary the entire time he worked for the church. *Compl. Attached to Pro Se Form*, at 3-4. Prior to filing this action, Plaintiff filed a Complaint with the West Virginia Human Rights Commission (WVHRC), which found "there is **NO PROBABLE CAUSE** to believe there has been a violation of the West Virginia Human Rights Act." *Ltr. of Determination by WVHRC*, at 2 (Apr. 30, 2024) (emphasis original), ECF No. 12, at 7. He also filed a Complaint with the United States Equal Employment Opportunity Commission, which adopted the State's findings and issued Plaintiff a right to sue letter. *EEOC Determination and Notice of Rts.*, at 1-2 (May 29, 2024), ECF No. 12, at 9. After receiving his Right to Sue Letter, Plaintiff timely filed the pending action.

As fully explained in the Proposed Findings and Recommendations, this Court may not consider any pretextual reasons for Plaintiff's termination as his employment falls within the "ministerial exception," grounded in the Establishment Clause of the First Amendment "which protects a religious group's right to shape its own faith and mission through its appointments" and select, retain, or terminate its minister. *Hosanna-Tabor Evangelical Lutheran Church & Sch. v. E.E.O.C.*, 565 U.S. 171, 188 (2012) (footnote omitted). Although Plaintiff asserts he performed some non-ministerial duties for MVBC, the Court agrees with the Proposed Findings and Recommendations that Plaintiff had a ministerial role at the church and, even if he performed some

non-ministerial duties, it does not change the fact the ministerial exception applies. *See Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 591 U.S. 732, 754 (2020) (approving of Justice Alito's concurring opinion in *Hosanna-Tabor*,[1] in which he stated "that the exception should include 'any "employee" who leads a religious organization, conducts worship services or important religious ceremonies or rituals, or serves as a messenger or *teacher of its faith*'" (quoting *Hosanna-Tabor*, 565 U.S. at 199; italics added in *Our Lady of Guadalupe Sch.*)). Likewise, as recognized by the Magistrate Judge, the ministerial exception also applies to the extent Plaintiff is claiming wage discrimination under the Fair Labor Standards Act. *PF&R*, at 13 (citing *Shaliehsabou v. Hebrew Home of Greater Washington, Inc.*, 363 F.3d 299, 306 (4th Cir. 2004)).

The Court also cannot interfere with MVBC's decision to terminate Plaintiff under State law. In Syllabus Point 4 of *Gillespie v. Elkins Southern Baptist Church*, 350 S.E.2d 715 (W. Va. 1986), the West Virginia Supreme Court held that, "[i]n a congregational church the membership ultimately controls the business of the church and, without some compelling reason to do otherwise, this Court will limit its analysis in a pastor's wrongful discharge action to inquiring whether the congregation met and whether it acted to terminate the pastor." Here, the MVBC followed its protocol and voted to terminate Plaintiff's employment. *See PF&R*, at 14. Therefore, without some compelling reason (which does not exist here), this Court cannot further question the MVBC's decision.

In his Objections, Plaintiff claims the church violated his civil rights by, *inter alia*, depriving him of "food, clean water, medical attention, and basic freedoms," which included

---

[1] Justice Kagan joined in the concurrence.

forced labor, surveillance, intimidation, harassment, threats by known gun owners, stalking, and using his apartment as a correctional institution and locking him in it for days to enforce compliance and obedience. *Obj. to PF&R*, at 2, 6-7. Plaintiff asserts Defendants lied about why he was terminated, and they should not be able to use the First Amendment as a shield against someone who cannot afford to hire a lawyer to prove human rights abuses. He claims Defendants' actions have taken a toll on him psychologically, physically, and financially, and they have impacted his family. He lists his "Key Points of Appeal" as: (1) "Misapplication of Human Trafficking and Involuntary Servitude Law," (2) "Exclusion of Critical Evidence Violated Due Process," (3) "Procedural Irregularities and Denial of a Fair Trial," (4) "Failure to Apply Discrimination Standards in Wrongful Termination," and (5) "Premature Dismissal of Claims Without Full Consideration." *Id*. at 7-9.

Upon review of his objections, the Court finds they are without merit. As explained in the Proposed Findings and Recommendations, the MVBC's decision to terminate Plaintiff is subject to the "ministerial exception." The MVBC adhered to its procedures in voting to end Plaintiff's employment, and Plaintiff cannot use a civil action to challenge the church's decision that he should no longer be one of its ministerial leaders. Additionally, although this Court construes *pro se* complaints filed in forma pauperis liberally, 28 U.S.C. § 1915 "gives courts the authority to pierce the veil of the complaint's factual allegations" and dismiss the case "when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (internal quotation marks and citations and omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (stating a court may "pierce the veil of the complaint's

factual allegations and dismiss those claims whose factual contentions are clearly baseless," including those "claims describing fantastic or delusional scenarios").

Here, Plaintiff claims the church exploited his status as an immigrant and enslaved him, using his apartment as a correctional institution and keeping him in solitary confinement. He states he was locked inside his apartment for days, and he was deprived of clean water, food, and necessary medical care, in violation of the 18 U.S.C. § 1584 of the Trafficking Victims Protection Act.[2] The Court finds these claims wholly incredible. The facts show Plaintiff was hired in a ministerial role at the church in 2020 and, subsequently, was terminated on or about November 19, 2023. Although Plaintiff's compensation included the value of living in two apartments/parsonages and despite no longer working for the church, MVBC continued to allow Plaintiff and his family to remain in the apartments from November 2023 until it recently sent him a letter threatening eviction. Ex. Y6, *Ltr. from Allison M. Subacz to Pl.* (Feb. 14, 2025), ECF No. 34-1 (informing Plaintiff that he and his family must vacate the premises by March 28, 2025, or eviction and wrongful occupation proceedings will be initiated and MVBC will seek damages for lost rent, utilities, property damages, and annoyance and inconvenience that thus far exceed $15,000).[3] Given the totality of the circumstances, including the fact that Plaintiff has offered no support for his claims of involuntary servitude other than his own self-serving statements and he

---

[2] Section 1584(a) provides, in relevant part: "Whoever knowingly and willfully holds to involuntary servitude or sells into any condition of involuntary servitude, any other person for any term, or brings within the United States any person so held, shall be fined under this title or imprisoned not more than 20 years, or both." 18 U.S.C. § 1584, in part. Although § 1584 is a criminal statute, 18 U.S.C. § 1595 provides for a civil remedy for violations of this chapter.

[3] From counsel's letter, it appears that MVBC allowed Plaintiff to stay in the apartments without paying rent or expenses since his termination.

and his family have continued to live in the apartments despite his termination over a year ago, the Court finds it is simply implausible and unbelievable that MVBC incarcerated and held him in solitary confinement inside his apartment, without any essentials, to enforce compliance and obedience in fulfilling his ministerial and other duties on behalf of the church. Thus, the Court finds this claim must be dismissed.

Accordingly, the Court **ADOPTS AND INCORPORATES HEREIN** the Proposed Findings and Recommendations of the Magistrate Judge (ECF No. 23), **DENIES** Plaintiff's Objections (ECF No. 35), **GRANTS** Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment (ECF No. 12), **DENIES** Plaintiff's motion "Requesting for the Completion of the U Visa Application Form in the Ongoing Case between Charles F.V Chitekwe VS MVBC Case No.: 3:24-cv-00269" (ECF No. 15), **DENIES** "Plaintiff's Motion for Interim Protection Order and Arrest of Defendants" (ECF No. 19), **DENIES** Plaintiff's "Rebuttal to Defendants' Response and Motion for Interim Protection Order" (ECF No. 22), and **DENIES** "Plaintiff's Motion for Protective Order against Grover Morris et al." ECF No. 34.[4] As all matters are resolved, the Court further **DIRECTS** the Clerk to remove this action from the Court's docket.

---

[4] The Court observes that "Grover Morris" is not a named Defendant in this matter. Additionally, Plaintiff wrote on the outside of the envelope containing this motion that he would like the thumb drive with his exhibits returned to him. As the thumb drive is part of the record in this case, it cannot be returned.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

          ENTER:    March 27, 2025

          ROBERT C. CHAMBERS
          UNITED STATES DISTRICT JUDGE